# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

DIXIANNE HAWKS,

    Plaintiff,

v.

TOWN OF PARADISE, et al.,

    Defendants.

No. 2:20-CV-0306-KJM-DMC

ORDER

        Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

        The court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because plaintiff has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

1       Plaintiff names the following as defendants: (1) the Town of Paradise; (2) Rick
2  Trent, a code enforcement officer employed by the Town of Paradise; (3) Jerome Johnson, a
3  private contractor working for the Town of Paradise; (4) Mary Johnson, a private contractor
4  working for the Town of Paradise; (5) Greg Bolin, a member of the Town of Paradise town
5  council; (6) Michael Ramsey, the Butte County District Attorney; (7) Michael Candela, a judge of
6  the Butte County Superior Court.  See id. at 1-2.  It appears Plaintiff is alleging false arrest,
7  improper search and seizure, and use of excessive force.  See id. at 2-3.  Plaintiff does not,
8  however, explain how her rights were violated or by whom.  As for the Town of Paradise,
9  Plaintiff claims the existence of a policy or custom "that subjects a person or persons to
10 deprivations of procedural due process rights under color of state law," but she does not more
11 specifically allege what that policy or custom is.

12      Plaintiff's complaint is defective, primarily because she fails to allege facts to
13 establish a causal connection between any of the named individual defendants and the violation of
14 a constitutional or statutory right.  To state a claim under 42 U.S.C. § 1983, the plaintiff must
15 allege an actual connection or link between the actions of the named defendants and the alleged
16 deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423
17 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within
18 the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or
19 omits to perform an act which he is legally required to do that causes the deprivation of which
20 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory
21 allegations concerning the involvement of official personnel in civil rights violations are not
22 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff
23 must set forth specific facts as to each individual defendant's causal role in the alleged
24 constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

25      Because it is possible that the deficiencies identified in this order may be cured by
26 amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire
27 action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is
28 informed that, as a general rule, an amended complaint supersedes the original complaint.  See

2

Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated:  August 9, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE