IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIXIANNE HAWKS, | No. 2:20-CV-0306-KJM-DMC |
| Plaintiff, | |
| v. | ORDER |
| TOWN OF PARADISE, et al., | |
| Defendants. | |

        Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 7.

        The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Because plaintiff has been granted leave to proceed in forma pauperis, the Court will screen the first amended complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Rick Trent, a code enforcement officer employed by the Town of Paradise; (2) Dwight Moore, attorney/representative for Town of Paradise; (3) the Town of Paradise; (4) Jerome Johnson, a private contractor working for the Town of Paradise; (5) Mary Johnson, a private contractor working for the Town of Paradise; (6) Greg Bolin, a member of the Town of Paradise town council; (7) Michael Ramsey, Butte County District Attorney; (8) Michael Candela, a Judge of the Butte County Superior Court. See id., pgs. 2-3.  Plaintiff also names Defendants Does 1-50. See id., pg. 1.

Plaintiff alleges the following general facts:

> Under color of state law the defendants stole Plaintiff's livelihood, liberty, private machinery, destroyed her private home, and then sold her private land, due to these atrocities it caused false imprisonment, and caused the wrongful imprisonment and death of her son; all without due process of law.

ECF No. 7, pg. 3.

Plaintiff alleges (1) Fourth, Fifth, and Sixth Amendment violations; (2) trespass, false arrest; (3) violation of due process; (4) Fourteenth Amendment violations; (5) quiet title; (6) cancelation of instruments; (7) slander of title; (8) tortious interference with contract; (9) intentional infliction of emotional distress; (10) negligent infliction of emotional distress; and (11) Town's failure to train.  See id., pg. 1.  In her prayer for relief, Plaintiff states that her injuries were a result of "false arrest, false imprisonment, assault and battery, and violations of her Fourth and Fourteenth Amendment[] [rights]."  Id., pg. 9.  Plaintiff seeks $50,000,000.00 in compensatory damages, $5,000,000.00 for the value of the land, $100,000.00 in punitive damages, as well as declaratory relief as to the "administrative actions" and wild deed. Id., pg. 10.

## II. DISCUSSION

In considering whether a complaint states a claim, the Court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp.

2

Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In this case, the Court finds Plaintiff's amended complaint deficient under Rule 8(a). Plaintiff fails to plead facts sufficient to allow the Court to draw reasonable inferences that each named Defendant is liable for the alleged wrongdoing and that Plaintiff is entitled to relief beyond mere speculation. The amended complaint also fails to contain sufficiently specific facts to put the named Defendants on notice of the nature of Plaintiff's claims against them. Plaintiff's amended complaint is further deficient for the reasons discussed below.

///

### A. Link to Named Defendants

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff's vague and conclusory statements are insufficient. Plaintiff has failed to allege specific facts as to how each named Defendant is involved as to each alleged wrongdoing, how the conditions complained of have resulted in a deprivation of her constitutional rights, or set forth some link or connection between each Defendant and the claimed deprivation.

### B. Municipal Liability

Plaintiff has named the Town of Paradise as a Defendant. Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id.

///

To assert municipal liability, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id.  Official policy includes "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick v. Thompson, 563 U.S. 51, 61 (2011).  A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).  Nonetheless, "to be entitled to the presumption of truth, . . . [a complaint] must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected" to litigation.  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). This standard applies to claims of policy or custom against municipal entities.  In AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012).  Moreover, regardless of whether a policy, custom, or failure to train is alleged to establish municipal liability, Plaintiff must establish an affirmative causal link between the municipal policy or practice and the alleged constitutional violation. See City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 391-92 (1989); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Oviatt v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992).

Plaintiff's amended complaint is deficient because Plaintiff failed to allege with specificity the existence or implementation of any policy or custom.  Plaintiff's general contentions are insufficient.  Plaintiff must allege how: (1) Plaintiff's constitutional deprivation resulted from a policy or custom of the local government (2) the policy was based on the decisions and acts of its policymakers, and (3) those practices are persistent and widespread. Accordingly, Plaintiff's conclusory statements regarding Defendant Town's alleged policy does not provide enough facts to establish a causal link between the purported municipal policy or practice and the alleged constitutional violation.

///

A plaintiff may establish municipal liability by demonstrating that the alleged constitutional violation was caused by a failure to adequately train municipal employees. See City of Canton, 489 U.S. at 388-9. To establish municipal liability for a claim based on failure to train municipal employees, a plaintiff must show (1) that the training program is inadequate "'in relation to the tasks the particular officers must perform'"; (2) the city officials must have been deliberately indifferent "'to the rights of persons with whom the [local officials] come into contact'"; and (3) the inadequacy of the training "must be shown to have 'actually caused' the constitutional deprivation at issue." Merritt v. Cty. of Los Angeles, 875 F.2d 765, 770 (9th Cir. 1989) (internal citations omitted); see also Connick, 563 U.S. at 61 ("To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.' [] Only then 'can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983.'") (quoting City of Canton, 489 U.S. at 388).

A municipal defendant can be held liable because of a failure to properly train its employees only if the failure reflects a "conscious" choice by the government." Kirkpatrick v. Cty. of Washoe, 843 F.3d 784, 793 (9th Cir. 2016) (en banc). The indifference of city officials may be shown where, "in light of the duties assigned to specific . . . employees[,] the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." City of Canton, 489 U.S. at 390; see Long v. Cty. of Los Angeles, 442 F.3d 1178, 1186-87 (9th Cir. 2006) ; Johnson v. Hawe, 388 F.3d 676, 686 (9th Cir. 2004); Berry v. Baca, 379 F.3d 764, 767 (9th Cir. 2004); Lee v. City of Los Angeles, 250 F.3d 668, 682 (9th Cir. 2001); Oviatt v. Pearce, 954 F.2d 1470, 1477-78 (9th Cir. 1992); Merritt, 875 F.2d at 770. "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Connick, 563 U.S. at 61 (internal quotation marks and citation omitted).

///

///

In this instance, Plaintiff has not alleged facts to demonstrate that Defendant Town is liable for failing to adequately train its employees. Plaintiff generally alleges only that Defendant Town is liable for the actions of its employees because it "deliberately fail[ed] to properly train and supervise[] its officers in mandatory due process requirements, and deter its officers from unlawful conduct" but fails to allege how that alleged failure reflects any decision-making on the part of Defendant Town, or that such deficient training was so constitutionally violative that it constituted deliberate indifference. As above, Plaintiff's conclusory statements are insufficient to support a finding that Plaintiff is entitled to relief beyond mere speculation.

**C.   Immunity**

"[A]bsolute immunity [has been granted] to 'the President, judges, prosecutors, witnesses, and officials performing 'quasi-judicial' functions, and legislators.'" Fry v. Melaragno, 939 F.2d 832, 836 (9th Cir. 1991) (citation omitted); see also Tower v. Glover, 467 U.S. 914, 920 (1984).

1.   Judges

"Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts…. A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citations omitted); Brown v. Cal. Dep't of Corr., 554 F.3d 747, 750 (9th Cir. 2009) (absolute immunity is generally accorded to judges functioning in their official capacities); Meek v. Cty. of Riverside, 183 F.3d 962, 965 (9th Cir. 1999); Gregory v. Thompson, 500 F.2d 59, 62 (9th Cir. 1974) ("A seemingly impregnable fortress in American Jurisprudence is the absolute immunity of judges from civil liability for acts done by them within their judicial jurisdiction."). Absolute immunity is sustained even if the judge erroneously interprets a jurisdiction-conferring statute, is accused of acting maliciously or corruptly, or acts in error. See Sadoski v. Mosley, 435 F.3d 1076, 1079 (9th Cir. 2006); Schucker, 846 F.2d at 1204; Meek, 183 F.3d at 965.

/ / /

/ / /

Plaintiff has named Defendant Candela in his capacity as Judge of the Butte County Superior Court.  Plaintiff alleges that Defendant Candela worked "in concert" with other Defendants by "holding a town meeting rather than a proper trial" before "they decided to steal/destroy her said home/rights/chattel/land" where "she was given 3 minutes to comment on their course of action, no impartial jury, no ability to compel or examine witnesses, no right to assistance of counsel of choice, etc." ECF No. 7, pg. 4.  Further, she alleges that "when taken to the Superior Court" Defendant Candela "upheld everything [the other Defendants] asked for."  Id.  To the extent that Defendant Candela's actions were taken within the course and scope of his judicial duties, he is absolutely immune from § 1983 damages, even if such acts were erroneous, malicious, or corrupt.  If such actions were not judicial in nature, or were taken without jurisdiction, Plaintiff fails to allege those facts necessary for Defendant Candela to lose his protection of absolute immunity.

### 2. Prosecutors

Plaintiff has also named Defendant Ramsey in his capacity as District Attorney of the County of Butte.  Prosecutorial immunity applies to §1983 claims. Imbler v. Pachtman, 424 U.S. 409, 427, 430-31 (1976).  State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity. See Van de Kamp v. Goldstein, 555 U.S. 335, 342-43 (2009); Waggy v. Spokane Cty. Wash., 594 F.3d 707, 710-11 (9th Cir. 2010).  "Prosecutors enjoy immunity when they take 'action that only a legal representative of the government could take.'" Burton v. Infinity Capital Mgmt., 862 F.3d 740, 748 (9th Cir. 2017) (quoting Stapley v. Pestalozzi, 733 F.3d 804, 812 (9th Cir. 2013)).  Government civil attorneys are also entitled to absolute prosecutorial immunity. See Fry, 939 F.2d at 837-38.  Additionally, absolute immunity is available in the context of civil forfeiture proceedings. See Torres v. Goddard, 793 F.3d 1046, 1052 (9th Cir. 2015).

Plaintiff alleges the same facts in support of her claims against Defendant Ramsey that she alleged in support of her claims against Defendant Candela.  See ECF No. 7, pg. 4.  Similarly, Plaintiff provides only a conclusory statement that Defendant Ramsey, as District Attorney, violated Plaintiff's constitutional rights, which does not support a finding that Plaintiff

8

is entitled to relief beyond mere speculation.  Plaintiff has failed to allege any facts that establish that Defendant Ramsey was not acting within the course and scope of his duties; thus, as alleged and without more, Defendant Ramsey is afforded absolute immunity for damages.

### D. Private Parties

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution.  See Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995).  Generally, private parties are not acting under color of state law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991); see also Simmons v. Sacramento Cty. Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (explaining a lawyer in private practice does not act under color of state law).  Where a private party conspires with state officials to deprive others of constitutional rights, the private party is acting under color of state law. See Tower, 467 U.S. at 920; Crowe v. Cty. of San Diego, 608 F.3d 406, 440 (9th Cir. 2010).  To prove a conspiracy between the state and private party under § 1983, a plaintiff must show "an agreement or meeting of the minds to violate constitutional rights. . . each must . . . share the common objective of the conspiracy." United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc) (citations and internal quotation marks omitted).  Conclusory allegations are insufficient to state a claim of conspiracy.  See Simmons, 318 F.3d at 1161.

Plaintiff alleges that Defendants Jerome Johnson, Mary Johnson, and Moore are private contractors working for Defendant Town.  Plaintiff's amended complaint not only fails to link any constitutional violations to Defendants Jerome and Mary Johnson, but as to all three Defendants here, it also fails to link any common objective between these Defendants and Defendant Town.  Speculative and conclusory allegations of wrongdoing are insufficient; Plaintiff must set forth specific facts as to each individual Defendant's causal role and each Defendant's agreement with the Town with respect to each purported constitutional deprivation. Otherwise, to the extent these Defendants are private parties not engaged in any conspiracy or agreement with Town to deny Plaintiff's constitutional rights, Plaintiff's claims against these private individuals must be dismissed.

///

### E. § 1983 Remedies after Conviction

Plaintiff claims a violation of her Fourth Amendment rights, as well as various other theories, arising from an allegedly improper arrest. Where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of an underlying conviction or sentence, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor). However, Heck is only triggered once a person has been convicted. See Wallace v. Kato, 549 U.S. 384, 393 (2007).

Plaintiff alleges that she was subjected to "false arrest and imprisonment" by Defendant Trent and searched without "a scintilla of justification," which violated her right to physical liberty. ECF No. 7, pgs. 3-4, 5. While Plaintiff alleges false arrest and false imprisonment, she does not state whether the charges were dismissed, or whether the arrest resulted in a conviction. To the extent that Plaintiff was convicted, Plaintiff's federal claims for constitutional violations based on the alleged false arrest and false imprisonment are not cognizable because success on the merits of her allegations that she was improperly arrested would necessarily imply the invalidity of her conviction.

### G. State Law Claims

With respect to Plaintiff's fifth claim for quiet title, sixth claim for cancelation of instructions, seventh claim for slander of title, eighth claim for tortious interference with contract, ninth claim for intentional infliction of emotional distress, and tenth claim for negligent infliction of emotional distress, as alleged, these claims are based only on various violations of state law. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007); Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001); Sweaney v. Ada Cty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997); Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996); Ybarra v. Bastian, 647 F.2d 891, 892 (9th

1  Cir. 1981). Where a violation of state law is also a violation of a constitutional right, however,
2  § 1983 does provide a cause of action. See Lovell, 90 F.3d at 370; Draper v. Coombs, 792 F.2d
3  915, 921 (9th Cir. 1986); see also Weilburg v. Shapiro, 488 F.3d 1202, 1207 (9th Cir. 2007).
4  　　　　　Plaintiff does not allege sufficient facts in support of these claims that any named
5  Defendant violated her Constitutional rights.  Thus, because Plaintiff does not allege any
6  Constitutional violations in conjunction with the attempted state law claims, this Court does not
7  have jurisdiction over those state law based claims.  The Court defers consideration of
8  supplemental jurisdiction until Plaintiff is first able to state cognizable federal claims.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, prior to recommending dismissal of the entire action, and in the interest of justice, the Court will provide Plaintiff with one final opportunity to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227, 229 (9th Cir. 1980).  The complaint must allege in specific terms how each named Defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

        Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

        Accordingly, IT IS HEREBY ORDERED that:

        1.     Plaintiff's first amended complaint is dismissed with leave to amend; and

        2.     Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

Dated: October 17, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE